**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**KATHERINE A. HARMON**
**JARED S. SUNDAY**
Mallor Grodner LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**JONATHAN R. DEENIK**
Cross, Pennamped, Woolsey & Glazier, P.C.
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

IN RE: THE PATERNITY OF B.J. )
)
C.J., )
)
 Appellant-Respondent, )
)
   vs. )  No. 80A04-1311-JP-575
)
H.H., )
)
 Appellee-Petitioner. )

APPEAL FROM THE TIPTON CIRCUIT COURT
The Honorable Thomas R. Lett, Judge
Cause No. 80C01-0909-JP-78

**May 16, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

C.J. ("Father") appeals the trial court's order denying his objection to the relocation of H.H. ("Mother") with the parties' child, B.J., and his petition to modify custody. Father raises one issue which we revise and restate as whether the court abused its discretion in denying his objection to Mother's relocation to the State of Washington with B.J. and petition to modify custody. We reverse and remand.

FACTS AND PROCEDURAL HISTORY

Mother and Father are the natural parents of B.J., a child born out of wedlock in January 2006. In June 2010, the trial court entered an Order Establishing Paternity, Custody, and Child Support, in which it found that Father and Mother were B.J.'s natural parents, that Mother and B.J. resided in Tipton County, Indiana, that B.J. had been living with Mother since the child's birth, that the parties would have joint legal custody of B.J., that Mother would have primary physical custody of B.J., that Father would have parenting time according to the Indiana Parenting Time Guidelines, and that Father would pay Mother weekly child support.

In May 2011, Mother provided the court with notice of her intent to relocate out of the State of Indiana. Together with B.J. and her husband E.H., Mother moved to Tennessee, where E.H. was based as an active member of the armed forces. In June 2011, the parties submitted an Agreed Entry Regarding Parenting Time, which the court approved, providing for Father's parenting time and for the parties' responsibilities related to transportation of B.J. between Mother's residence in Tennessee and Father's residence in Indiana.

2

On November 5, 2012, Mother filed a verified notice of intent to relocate to Indiana stating that the date she moved to her new address was approximately September 3, 2012, that B.J. moved with her, that the reason she moved was that E.H. "is in the military and was sent off to duty so I moved from Tennessee, where we were based, to Indiana so I could be closer to my family." Appellant's Appendix at 33. Father did not object. On November 15, 2012, the court issued an order that Mother would continue to have primary physical custody of B.J. and establishing Father's parenting time and child support obligation.

On May 7, 2013, Mother filed a notice of intent to relocate to Tennessee which provided that she was moving from her current address in Indiana in May or June 2013, E.H. had been deployed to Afghanistan, pursuant to an agreed entry in June 2011 she had relocated with B.J. to Tennessee where her husband was stationed, while E.H. was deployed to Afghanistan she temporarily relocated back to Tipton, Indiana, where she resided with her grandmother, E.H. would be returning to Tennessee at the end of his deployment on or about May 24, 2013, she had a subsequent child, M.H., with E.H. and that M.H. and B.J. have a close relationship, Father was aware of the temporary nature of her relocation to Indiana during the time E.H. was deployed, she intended to relocate to a residence in proximity to the base on which E.H. is stationed, and that she is a stay-at-home mother and relies on E.H.'s income from his service for her living expenses. Father filed an objection to Mother's relocation and petition to modify in which he stated that he and B.J. have a close bond and moving to Tennessee would disrupt the quantity and quality of his parenting time, and Father requested that he be awarded primary

3

physical custody of B.J. regardless of Mother's relocation and that Mother be ordered to pay a portion of his attorney fees. Following a hearing on July 18, 2013, the court entered an order on July 29, 2013, which denied Father's petition to modify custody, ordered that Mother was permitted to relocate with B.J. to Tennessee and that she would remain B.J.'s primary physical custodian subject to Father's parenting time, and established Father's parenting time and the parties' related transportation obligations.

On August 28, 2013, Mother filed a notice of intent to relocate in which she stated that she was moving from her current address on or about November 1, 2013, and would be relocating and living on or near a military base in the area of Olympia, Washington. Mother stated that the reason for the move was that E.H. had been reassigned by the Army to a base near Olympia, Washington, and that she believed parenting time pursuant to the Indiana Parenting Time Guidelines where distance is a factor would be in B.J.'s best interest.

On September 12, 2013, Father filed a Verified Objection to Mother's Relocation; Request for Hearing; and Petition to Modify, in which he stated that Mother's newest relocation notice was filed less than three months from the last hearing, that Mother's intended move to Washington State greatly hindered his ability to have meaningful parenting time with B.J., and that the great distance would prove to be a financial hardship in his ability to exercise regular parenting time. Father requested that he be awarded primary physical custody of B.J. due to Mother's relocation to Washington State and requested that Mother be ordered to pay a portion of his attorney fees.

4

On October 21, 2013, the court held a hearing at which the parties presented evidence and argument. On October 31, 2013, the court issued an order which provided:

Order on Hearing of October 21, 2013

The parties having appeared in person and by counsel for scheduled hearing, evidence having been heard, and the court having taken this matter under advisement, the court now finds and Orders as follows:

1. The court finds that Mother's proposed relocation to the State of Washington with the minor child was made in good faith and for a legitimate purpose.

2. The court finds that Father has not demonstrated that the proposed relocation is not in the best interest of the child.

3. Father's Objection to Relocation and Petition to Modify is Denied.

4. Mother shall be permitted to relocate to the State of Washington with the minor child subject to the parenting time of the Father as set forth as follows:

   A. Every Spring Vacation
   B. One-half of Summer vacation plus one week
   C. One-half of Christmas vacation
   D. Alternate Fall Break and Thanksgiving
   E. President's Day Weekend
   F. Memorial Day Weekend

5. Mother shall maintain health insurance on the minor child.

6. The Father's child support obligation is reduced to Zero in order to offset travel expenses. The parties shall share equally all medical, dental and optical expenses. The parties shall also share equally all extracurricular expenses and all travel related expenses.

7. Due to the Mother's numerous relocations which required hearings, the Mother is Ordered to pay a

5

portion of Father's attorney fees . . . in the amount of $500, due and payable within thirty days from the date of this Order.

8.     All prior Orders not modified herein shall remain in full force and effect.

Id. at 12-13.

## DISCUSSION

The issue is whether the trial court abused its discretion in denying Father's objection to Mother's relocation to the State of Washington with the parties' child and his petition to modify custody. Father contends in part that the trial court failed to consider the required relevant factors found at Ind. Code § 31-17-2.2-1(b) and made a single finding with regard to B.J.'s best interests. Mother maintains that evidence pertinent to each of the statutory factors was presented to the trial court.

We review custody modifications for an abuse of discretion. In re Paternity of J.J., 911 N.E.2d 725, 727 (Ind. Ct. App. 2009). We will not reweigh the evidence or judge the credibility of the witnesses. Id. We consider only the evidence most favorable to the judgment and any reasonable inferences from that evidence. Id. at 727-728.

Ind. Code §§ 31-17-2.2 governs the relocation of a custodial parent. Id. at 728. "In general, the court must consider the financial impact of relocation on the affected parties and the motivation for the relocation in addition to the effects on the child, parents, and others identified in [Ind. Code § 31-17-2-8] as relevant to every change of custody." Id. (citing Baxendale v. Raich, 878 N.E.2d 1252, 1256 (Ind. 2008)). Under Ind. Code §§ 31-17-2.2, there are two ways to object to a proposed relocation: a motion to modify a custody order under Ind. Code § 31-17-2.2-1(b), and a motion to prevent the

6

relocation of a child under Ind. Code § 31-17-2.2-5(a).  Id.  Under either a motion to prevent relocation or a motion to modify custody, if the relocation is made in good faith both analyses ultimately turn on the best interests of the child.  Id.

The custodial parent's relocation does not require modification of a custody order. Id. at 729.  However, when the non-relocating parent seeks custody in response to a notice of intent to relocate with the child, the court shall take into account the factors found at Ind. Code § 31-17-2.2-1(b) in considering the proposed relocation.  Id.  Ind. Code § 31-17-2.2-1(b) provides:

> Upon motion of a party, the court shall set the matter for a hearing to review and modify, if appropriate, a custody order, parenting time order, grandparent visitation order, or child support order.  The court shall take into account the following in determining whether to modify a custody order, parenting time order, grandparent visitation order, or child support order:
>
> (1) The distance involved in the proposed change of residence.
>
> (2) The hardship and expense involved for the nonrelocating individual to exercise parenting time or grandparent visitation.
>
> (3) The feasibility of preserving the relationship between the nonrelocating individual and the child through suitable parenting time and grandparent visitation arrangements, including consideration of the financial circumstances of the parties.
>
> (4) Whether there is an established pattern of conduct by the relocating individual, including actions by the relocating individual to either promote or thwart a nonrelocating individual's contact with the child.
>
> (5) The reasons provided by the:

7

> (A)    relocating individual for seeking relocation; and
>
> (B)    nonrelocating parent for opposing the relocation of the child.
>
> (6)    Other factors affecting the best interest of the child.

"The court may consider a proposed relocation of a child as a factor in determining whether to modify a custody, parenting time order, . . . or child support order." Ind. Code § 31-17-2.2-2(b). Ind. Code § 31-17-2-8 provides in part that, "[i]n determining the best interests of the child, . . . the court shall consider all relevant factors," including:

> (1)    The age and sex of the child.
>
> (2)    The wishes of the child's parent or parents.
>
> (3)    The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.
>
> (4)    The interaction and interrelationship of the child with:
>
> > (A)    the child's parent or parents;
> >
> > (B)    the child's sibling; and
> >
> > (C)    any other person who may significantly affect the child's best interests.
>
> (5)    The child's adjustment to the child's:
>
> > (A)    home;
> >
> > (B)    school; and
> >
> > (C)    community.
>
> (6)    The mental and physical health of all individuals involved.
>
> (7)    Evidence of a pattern of domestic or family violence by either parent.

(8)    Evidence that the child has been cared for by a de facto custodian, and if the evidence is sufficient, the court shall consider the factors described in section 8.5(b) of this chapter.

We acknowledge, as Mother argues, that the parties presented evidence and argument at the October 21, 2013 hearing. We also note that, at the start of the October 21, 2013 hearing, Father's counsel expressly incorporated all of the testimony from the prior hearings, specifically the hearing on July 18, 2013, and the trial court incorporated and took judicial notice of the prior proceedings and all of the prior exhibits that had been admitted. The trial court's October 31, 2013 order found that Mother's proposed relocation to the State of Washington with the minor child was made in good faith and for a legitimate purpose and that Father has not demonstrated that the proposed relocation is not in the best interest of the child. However, the October 31, 2013 order does not include any additional findings which demonstrate that the trial court fully considered or took into account the statutory factors set forth at Ind. Code § 31-17-2.2-1(b) and Ind. Code § 31-17-2-8 as appropriate. See In re Paternity of J.J., 911 N.E.2d at 731 (stating "we observe that the trial court's order does not lead us to the conclusion that the court considered each factor listed in section 31-17-2.2-1(b)"). The trial court has a statutory duty to consider these factors in arriving at its determination. Because the court did not issue findings, we cannot be certain which of the factors the court considered important or the manner in which the factors were evaluated. See Green v. Green, 843 N.E.2d 23, 27 (Ind. Ct. App. 2006) (holding that "[a]s the trial court did not issue findings in the proceeding below, we cannot be certain as to which of the section 8 factors the trial court considered important or as to the manner, if at all, in which each factor was evaluated").

9

Accordingly, we reverse the October 31, 2013 order and remand to the trial court with instructions to enter an order demonstrating that the court fully considered the relevant statutory factors based upon the evidence and testimony presented at the October 21, 2013 hearing and other incorporated proceedings. See In re Paternity of J.J., 911 N.E.2d at 731 (holding the trial court's order did not lead us to the conclusion it considered the Ind. Code § 31-17-2.2-1(b) factors); Green, 843 N.E.2d at 29 (holding that, by ignoring relevant section 8 factors, the trial court abused its discretion when it denied the petition to modify custody and reversing and remanding for a determination regarding whether the effect of the relocation was of such a nature as to require a modification in the custody).[1] The court need not conduct additional evidentiary proceedings and may rely upon the testimony and evidence already presented unless it determines that pertinent evidence related to one or more of the relevant factors has not been presented. Absent exigent circumstances, the parties shall maintain the status quo pending the trial court's order on remand. See In re Paternity of J.J., 911 N.E.2d at 731.

---

[1] Mother argues in part that, in In re Paternity of J.J., evidence had not been presented to the trial court regarding the statutory factors, that Father does not argue there was no evidence presented regarding the relevant statutory factors, and thus that In re Paternity of J.J. is not controlling. As noted above, while the parties here presented evidence at the proceedings below, the trial court was nevertheless required to fully consider the statutory factors, and its order does not indicate whether it considered the relevant factors. While the court in In re Paternity of J.J. found that evidence had not been presented related to all of the statutory factors, the court also concluded that "the trial court's order does not lead us to the conclusion that the court considered each factor listed in section 31-17-2.2-1(b)." In re Paternity of J.J., 911 N.E.2d at 731. In re Paternity of J.J. is not inconsistent with our decision to remand for an order demonstrating the trial court considered the relevant statutory factors. See also Green, 843 N.E.2d at 29 (holding, where evidence was presented before the trial court, the trial court did not issue findings, which prevented this court from determining whether the trial court fully considered the relevant factors).

CONCLUSION

For the foregoing reasons, we reverse the October 31, 2013 order and remand to the trial court with instructions to enter an order demonstrating that it fully considered the relevant statutory factors based upon the evidence and testimony presented.

Reversed and remanded.

VAIDIK, C.J., and NAJAM, J., concur.

11